UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA,

                                                    08 Cr. 242 (SAS)

    -v-

MIGUEL HINOJOZA-QUINONES,

            Defendant.
--------------------------------X

      MEMORANDUM OF LAW IN SUPPORT OF PRE-TRIAL MOTIONS
   FILED ON BEHALF OF DEFENDANT MIGUEL HINOJOZA-QUINONES

    The defendant MIGUEL HINOJOZA-QUINONES respectfully submits this memorandum of law in support of his motion to suppress statements and physical evidence and to obtain rule 404(b) material and Brady/Giglio material.

    The facts on which defendant relies for this motion and memorandum upon are set forth in the accompanying Declaration of Robert J. Krakow, Esq., dated July 18, 2008 and its exhibits, and the Declaration of Miguel Hinojoza-Quinones, dated July 17, 2008 and are summarized below.

                          STATEMENT OF FACTS

    Mr. Hinojoza-Quinones was indicted on one count of distribution of narcotics in violation of the narcotics laws of the United States (21 U.S.C. §846). After his arrest on December 21, 2007 at the Newark, New Jersey airport law enforcement agents questioned him about the narcotics crimes in which he is alleged to have

1

participated. The agents intimidated Mr. Hinojoza-Quinones by threatening him with a long period of incarceration. They threatened that his wife, detained at the same time at the Newark airport, would spend a long time in jail, where she would be harmed, if Mr. Hinojoza-Quinones did not answer their questions. The agents promised Mr. Hinojoza-Quinones that if he answered the agents' questions about the drug transactions Mr. Hinojoza-Quinones's wife would be released.

Although Mr. Hinojoza-Quinones's native language is Spanish the agents spoke with him in English only.

Prior to questioning Mr. Hinojoza-Quinones and eliciting statements from him the agents did not advise Mr. Hinojoza-Quinones of his rights, failing to tell him about his right to remain silent, his right to counsel or any other rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966).

At some point in the investigation Mr. Hinojoza-Quinones's property was seized and searched, including a bag and his cell phone. No search warrant exists for the search and seizure.

Although the government produced documents purporting to be a consent to search and acknowledgment of providing "Miranda" warnings to Mr. Hinojoza-Quinones, he did not

2

view any papers until after he spoke with the agents and made any statements, did not sign any papers until that time and did not understand the content of the papers he may have signed.

## ARGUMENT

### Point I

#### Mr. Hinojoza-Quinones's Oral Statement Must Be Suppressed, Or an Evidentiary Hearing Held

By telling Mr. Hinojoza-Quinones that if he refused to answer the agent's questions his wife would be sent to jail for a long time and harmed there, the government agents coerced Mr. Hinojoza-Quinones to provide a statement against his will.

With respect to voluntariness, the following standards have been established:

> "[T]he test for voluntariness [of confessions] is whether an examination of all the circumstances discloses that the conduct was such as to overbear [the defendant's] will to resist and bring about confessions not freely self-determined."  [internal citations omitted]

Terry v. LeFevre, 862 F.2d 409, 413 (2d Cir. 1988).

The test thus considers the totality of the circumstances.  United States v. Anderson, 929 F.2d 96, 99 (2d Cir. 1991).

3

The agents' threat regarding Mr. Hinojoza-Quinones's wife, combined with the threats about Mr. Hinojoza-Quinones's incarceration and interrogation in a language in which Mr. Hinojoza-Quinones is not fluent, improperly coerced Mr. Hinojoza-Quinones to make his statement, under all the circumstances.  Such a threat renders the circumstances of a confession involuntary.  See, Lynumn v. Illinois, 372 U.S. 528, 534 (1963).

The government agents' failure to timely and properly issue Miranda warnings raises an independent basis for suppression. Since the statement was taken subsequent to arrest, the circumstances were custodial, and Miranda warnings were required prior to the interrogation.  Miranda v. Arizona, 384 U.S. 436 (1966).

Accordingly, the statement must be suppressed in whole or in part.

### An Evidentiary Hearing Must Be Conducted

Although generally the burden of proof is placed on a defendant who seeks suppression of evidence, once the defense establishes a basis for the motion, such as an initial showing that a statement was not voluntary, or that a search was without a warrant, the burden of proof shifts to the government to show that the statement was voluntary or the warrantless search was reasonable. Unites States v.

4

Matlock, 415 U.S. 164 (1974); United States v. Sacco, 562 F. 2d 552 (2d Cir. ), cert. denied, 434 U.S. 1039 (1977) United States v. Ochs, 461 F. supp. 1 (S.D.N.Y. 1978), aff'd mem., 636 F.2d 1205 (2d Cir. 1980) cert. denied, 451 U.S. 1016 (1981).

Mr. Hinojoza-Quinones has raised serious claims regarding the voluntariness and reliability of custodial statements. Whether or not a statement is voluntary is based on the totality of the circumstances. Arizona v. Fulminante, 496 U.S. 903 (1991). A hearing is required under the authority of the Fifth Amendment to the United States Constitution so that this Court may base its decision upon an adequate factual predicate.

## Point II

### The Physical Evidence Must Be Suppressed, or a Hearing Held

A search of property, such as Mr. Hinojoza-Quinones's cell phone under circumstances that are not exigent and where police control over the property, requires a warrant, when it is not impractical to obtain one. Cf., Coolidge v. New Hampshire, 403 U.S. 443 (1971). Here there was no warrant and no exigency as the agents had control over Mr. Hinojoza-Quinones's cell phone. Absent probable cause and exigency the search and seizure violates the Fourth

5

Amendment and the items seized must be suppressed, or an evidentiary hearing must be held.

## Point III

### Prior Bad Acts Evidence Should Be Identified and/or Disclosed Immediately

Federal Rule of Evidence 404(b) requires that the prosecution in a criminal case shall provide reasonable notice in advance of trial of the general nature of any evidence of other crimes or bad acts it intends to introduce at trial. Fed.R.Evid. 404(b). There is substantial precedent for disclosure of 404(b) evidence sufficiently in advance of trial to allow the defendant to prepare for trial in factually complex indictments, such as the instant case. See United States v. Heatley, 994 F.Supp. 483 at 491, (S.D.N.Y. 1998)(requiring disclosure three weeks before trial); United States v. Henderson, No. 96 Cr. 221, 1997 WL 567935 at 2 (N.D.N.Y. Sept. 5, 1997) (directing disclosure "reasonably in advance of trial" in a conspiracy case); United States v. Wilson, No. 95 Cr. 668, 1997 WL 10035 at 3 (S.D.N.Y. Jan. 10, 1997) (directing disclosure thirty days before); United States v. Padilla, 1994 WL 681812 at 13 (requiring disclosure fourteen days before trial).

Under the facts of this case, where there is some suggestion in the discovery received from the government that there may be other conduct similar to the one charged in the indictment, it is respectfully submitted, the defendant cannot adequately prepare his defense in a meaningful way until the government has disclosed the particulars of 404(b) evidence.

The government's usual procedure is that it will not disclose the particulars of prior crimes evidence until the eve of trial. Often the prior crimes evidence is complex and requires detailed investigation. The government thus precludes the defense from evaluating a crucial portion of the government's case until the eve of trial. There is no reason for the government to withhold this evidence other than pure gamesmanship. No prejudice to the government's case will be caused by disclosure of this information.

On the other hand, the defendant will suffer great prejudice if he must remain ignorant of the government's claims concerning prior bad acts.  The identification or disclosure of other proof should be disclosed sufficiently in advance of trial to allow the defendant to properly prepare his defense. Under these circumstances, therefore, it is reasonable to require the government to provide the defendant with this information immediately so that the

7

information can be adequately investigated and evaluated prior to trial.

### Point IV

### The Court Should Direct Disclosure Of Brady/Giglio Material to the Defense

The government is under a constitutional duty to disclose favorable evidence to the accused where such evidence is material to guilt. Brady v. Maryland, 373 U.S. 83 (1963). Such material includes evidence that tends to impeach the credibility of a government witness. Giglio v. United States, 405 U.S. 150 (1974). The government's potential reliance upon witnesses in the case at bar requires timely, pre-trial disclosure of material, even if discredited by the government, tending to impeach those witnesses' testimony. Early disclosure is necessary to enable the defendant to establish and follow investigative leads and thus muster a defense at trial.

Material and information reflecting crimes committed by government witnesses, and other Brady/Giglio material, must be provided without regard to whether it exists in written form. Furthermore, any statements of a co-conspirator whom the Government does not intend to call as a witness, which statement does not mention Mr. Hinojoza-Quinones, should also be provided as Brady material, as

such a statement would have some tendency to show that he was not a member of the conspiracy. Mr. Hinojoza-Quinones seeks the foregoing specific material without limitation and with the understanding that a general request for Brady/Giglio material is also advanced.

### LEAVE TO FILE ADDITIONAL MOTIONS

The defense has endeavored to include in this motion all forms of pre-trial relief that may properly be requested at this time, based on the information known to the defendant. Should this case assume a different posture at a later date due, for example, to the availability or unavailability of evidence, the Court is respectfully requested to grant leave to the defendant to make such further motions as it may deem appropriate at a future date.

<u>CONCLUSION</u>

For the foregoing reasons, the Court should Order that the statements alleged to have been made by Mr. Hinojoza-Quinones must be suppressed or an evidentiary hearing conducted, the physical evidence should be suppressed, or an evidentiary hearing conducted, 404(b) and Brady material should be produced, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          July 18, 2008

Respectfully submitted,

Robert J. Krakow
Attorney for
HINOJOZA-QUINONES
1205 Franklin Avenue
Suite 110
Garden City, NY 11530
(516) 354-3300

By ECF to:
A.U.S.A. John Cronan